**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7016**
_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

OMAR JERMEL DIXON, a/k/a O Dixon, a/k/a Omar Dixon-El,
a/k/a Omar Jermel Dixon-El, a/k/a Omar Germal Dixon, a/k/a
Omar Jermal Dixon, a/k/a Omar Jermal Dixon El,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. James R. Spencer, District
Judge. (3:02-cr-00209-JRS-1)

_____

Submitted: November 20, 2012    Decided: November 29, 2012

_____

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Omar Jermel Dixon, Appellant Pro Se. Brian R. Hood, OFFICE OF
THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Jermel Dixon appeals from the denial of his 18 U.S.C. § 3582 (2006) motion for reduction of sentence pursuant to Amendment 750 to the Sentencing Guidelines. The district court ruled that Dixon's Guidelines range was not changed by the Amendment, and thus, he was ineligible for a reduction. On appeal, Dixon asserts that (1) he was not served with the Government's response to his motion and, thus, could not file a reply and (2) the district court misstated his original Guidelines range and miscalculated his amended Guidelines range.

The evidence produced by Dixon on appeal is unchallenged by the Government and supports both his claims. Specifically, Dixon submitted transcripts, correspondence, and court filings showing that he was not given notice of the Government's filing and that the district court erred by including a firearm enhancement in the Guidelines calculations when the court at Dixon's original sentencing sustained Dixon's objection to the firearm enhancement. While the evidence of miscalculation is presented by Dixon for the first time on appeal, we have considered it because Dixon was not afforded the opportunity to respond to either the probation officer's calculations or the Government's arguments.

We review the denial of a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186

(4th Cir. 2010). A district court abuses its discretion if it relies on an erroneous factual or legal premise. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008). Although the district court's decision to grant or deny a § 3582(c)(2) motion is discretionary, a mistake of fact is necessarily an abuse of discretion. Id. at 323.

Based on the undisputed filings on appeal, we conclude that the denial of Dixon's § 3582(c)(2) motion on the ground that he did not qualify for a sentencing reduction likely constituted a mistake of fact or law. However, we decline to rule definitively on this issue because the Government conceded that Dixon was not given an opportunity to be heard regarding the Government's response. As such, we vacate the district court's judgment and remand for the court to give Dixon an opportunity to respond and for the court to consider the merits of Dixon's claim anew. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED